UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KEVIN CHARLES MEZZACAPO,

    Petitioner,

    v.                                     CAUSE NO.: 2:22-CV-177-PPS-JEM

SHERIFF,

    Respondent.

## OPINION AND ORDER

Kevin Charles Mezzacapo, a prisoner without a lawyer, filed an amended habeas petition under 28 U.S.C. § 2241. (ECF 6.) Mr. Mezzacapo is a detainee at the Porter County Jail awaiting trial on state charges of auto theft, burglary, trespassing, resisting law enforcement, criminal mischief, and related offenses.[1] *See State v. Mezzacapo*, No. 64D02-2203-F5-001963 (Porter Sup. Ct. filed Mar. 8, 2022). His efforts to seek relief in federal court for perceived shortcomings in his ongoing state prosecution are entirely unavailing. For the many reasons stated below, his petition is denied.

On July 1, 2022, Mr. Mezzacapo filed a federal habeas petition seeking dismissal of the state charges and other relief. (ECF 1.) His filing was not on the right form and did not clearly allege his grounds for relief, and so I struck this filing but gave him an opportunity to file an amended petition. (ECF 5.) He was also instructed to refile his *in forma pauperis* petition with a certified copy of his inmate trust ledgers for the past six

---

[1] I may take judicial notice of public court records in ruling on the petition. *See* FED. R. EVID. 201.

months. He has complied, submitting both an amended petition and a renewed *in forma pauperis* motion. (ECF 6, 7.) His motion to proceed *in forma pauperis* shows that he is unable to pay the filing fee, as he currently owes a debt to the jail and has not had any deposits to his account in several months. His IFP motion will therefore be granted and the filing fee waived.

Turning to the amended petition, Mr. Mezzacapo raises four claims which he articulates as follows: (1) his Eighth Amendment rights are being violated because there is a no-contact order in place that prevents him from contacting the "alleged victim" of one of his offenses; (2) his "motion of dismissal" is being "ignored" by the state court; (3) there has been a "violation of the 'clean hands doctrine'" and "good-faith clause" as well as "equal protection" and "due process" violations, because the state court should have "thrown-out" or "quashed" the case at the initial hearing; and (4) police officers involved with the case have engaged in "racketeering activities."[2] (ECF 6 at 6-7.) He seeks "dismissal of all charges" as well as "prosecution of all involved." (*Id.* at 7.)

Pretrial detainees like Mr. Mezzacapo may seek a writ of habeas corpus from federal courts under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, federal courts generally "abstain from interfering with pending state proceedings to enforce a state's criminal laws[.]" *Sweeney v. Bartow*, 612 F.3d 571, 573

---

[2] He attaches a memorandum he filed in state court to further explain his claims. (ECF 6 at 9-16.) This document is hard to follow, but as best as can be discerned, he believes one of the police officers involved in his case does not like him and has a conflict of interest due to her ownership interest in a construction firm with which he has had prior dealings.

2

(7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*.

The exact legal basis of Mr. Mezzacapo's claims is murky, but claims alleging an Eighth Amendment violation based on a no-contact order, an equal protection violation, a due process violation, violation of the "clean hands" doctrine, or "racketeering activities" by police—assuming they present a cognizable basis for granting federal habeas relief—cannot be raised in advance of trial. *Sweeney*, 612 F.3d at 573. Claim two could be read generously to assert a speedy trial claim, but it is evident from the petition that Mr. Mezzacapo did not exhaust this claim in state court. Although he asserts that he exhausted all available appeals with respect to this claim, he makes clear elsewhere in the petition that the "appeals" he is referring to are a motion to dismiss he filed in the trial court, and the original habeas petition he filed in this case. (ECF 6 at 2, 3.) There is no reference to any appeal through the State's appellate process.

Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). To exhaust, a habeas petitioner must offer the state courts an opportunity to consider the merits of his Sixth Amendment speedy trial claim. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973). Ordinarily this means presenting the claim in one complete round of state review. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See, e.g., Curtis v. State*, 948

3

N.E.2d 1143, 1147-48 (Ind. 2011). It is apparent from the petition that Mr. Mezzacapo has not availed himself of this remedy. Indeed, it is not evident that he even demanded a speedy trial in the trial court. *See Mezzacapo*, No. 64D02-2203-F5-001963. Although he filed a pro se motion to dismiss with the trial court (ECF 8-1), the motion does not assert a speedy trial right and instead requests dismissal based on "gross misconduct" and "conflicts of interest" by law enforcement agencies involved in the case.[3]

But let's assume for the sake of argument that he could overcome the exhaustion barrier; he has not demonstrated an entitlement to federal habeas relief. The purposes of the Sixth Amendment speedy trial right are "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that [the] defense will be impaired." *United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) (citation omitted). Nevertheless, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative," and is "consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations and internal quotation marks omitted). The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's

---

[3] The docket reflects that Mr. Mezzacapo has filed a number of pro se documents in the state case, but he is represented by counsel and Indiana does not permit such "hybrid" representation. *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000) (holding that once counsel is appointed, the defendant must speak to the court through his or her attorney, and trial court was not required to respond to defendant's pro se speedy trial request). I note that due to Mr. Mezzacapo's apparent dissatisfaction with his public defender, the court recently ordered that a new public defender be assigned to the case. *Mezzacapo*, No. 64D02-2203-F5-001963 (order dated Aug. 1, 2022).

4

explicit request for a speedy trial."[4] *Id.* (citations and internal quotation marks omitted). Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the test, the court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

The docket in the state case reflects that Mr. Mezzacapo first appeared in court on the charges in March 2022. *See Mezzacapo*, No. 64D02-2203-F5-001963 (entry dated Mar. 9, 2022). The public defender was appointed to represent him, and bond was set at $500. *Id.* It appears he could not post bond, however, and his subsequent request for a reduction of the bond was denied. *Id.* (order dated June 15, 2022). A discovery conference was held in May 2022, and a pretrial conference held in June 2022. *Id.* (entries dated May 13, 2022, and June 24, 2022). A trial was scheduled for August 8, 2022, but on August 1, the court vacated the trial date and ordered a competency examination based on the defense's motion. *Id.* (order dated Aug. 1, 2022). Proceedings are currently underway to determine whether Mr. Mezzacapo is competent to stand trial, and a status conference is scheduled for September 16, 2022. *Id.* (entry dated Aug. 19, 2022).

---

[4] He may be relying on state law to support a speedy trial claim as Indiana law quantifies the number of days in which a defendant must be brought to trial and permits him to seek dismissal of the charge if the deadline is not met. *See* IND. R. CRIM. P. 4. However, a claim based on Indiana law is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In summary, Mr. Mezzacapo has been in custody on these charges for approximately five months. It is not clear that he has asked for a speedy trial. The delays in the case have not been uncommonly long, nor are they attributable to the government. He has not argued or demonstrated that his defense is being prejudiced by any delays in the case. *See Hills*, 618 F.3d at 632 ("[A] defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation[.]").

Thus, even if he could overcome the exhaustion barrier, he has not established an entitlement to federal habeas relief. To the extent he is trying to initiate federal criminal charges against the police officers involved in his case, he has no standing to do so. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, the petition will be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

For the reasons explained above, the only potentially viable claim Mr. Mezzacapo advances in his petition—a speedy trial claim—is unexhausted. Even if he could overcome the exhaustion problem, his claim lacks merit under governing standards. I find no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Mezzacapo to proceed further in federal court at this stage.

For these reasons, the court:

(1) GRANTS the motion to proceed *in forma pauperis* (ECF 7) and WAIVES the filing fee;

(2) DENIES the amended petition (ECF 6);

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

ENTERED:  August 26, 2022.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT